UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AQUIOR ALFONSO FIGUEROA, JR.,

    Petitioner,

    v.

TOM VIRGA, Acting Warden,

    Respondent.
_____/

No. C 11-1072 PJH

**ORDER TO SHOW CAUSE**

Petitioner Aquior Alfonso Figueroa, Jr. ("Figueroa") a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

A jury in the Alameda County Superior Court convicted Figueroa of second-degree murder and of possession of a firearm by a felon. The jury further found true weapon and gang enhancement allegations. The court sentenced Figueroa to forty years to life in prison.

Figueroa appealed to the California Court of Appeal, which affirmed his conviction and sentence on October 8, 2009. The California Supreme Court denied review on December 23, 2009. Figueroa filed the instant petition on March 8, 2011.

## DISCUSSION

**A.  Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause

1 why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Legal Claims**

Figueroa raises one claim for federal habeas relief:

(1) that his Fourteenth Amendment due process rights were violated when the trial court admitted into evidence an eyewitness identification of the person who committed the murder that Figueroa aided and abetted because the identification was the product of an unnecessarily suggestive and unreliable identification procedure.

Liberally construed, the claim appears colorable under 28 U.S.C. § 2254 and merits an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Petitioner is ordered to pay the filing fee required in habeas cases.

2.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

3.     Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4.     If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated:   March 30, 2011

PHYLLIS J. HAMILTON
United States District Judge

2